IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE D. MANDERBACH, INC. d/b/a MANDERBACH FORD, DLR AUTO GROUP LLC, SMITH COLLISION CENTER, and BROADWAY PRECISION COLLISION, on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>v.<br><br>CDK GLOBAL, LLC<br><br>        Defendant. | Hon. Jeffrey I. Cummings<br><br>Case No. 1:24-cv-05924 |

## JOINT INITIAL STATUS REPORT FOR NEW CASE

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's September 3 and September 18, 2024 Orders (ECF Nos. 22, 24), Plaintiffs George D. Manderbach, Inc. d/b/a Manderbach Ford, DLR Auto Group LLC, Smith Collision Center, and Broadway Precision (collectively, "Plaintiffs"[1]), and Defendant CDK Global, LLC ("CDK") (collectively, the "Parties") hereby submit their Joint Initial Status Report for New Case.

**I.    The Nature of the Case**

    **A.    Attorneys of Record for the Parties**

Counsel of record are:

| Party | Counsel |
|---|---|
| Plaintiffs | Adam E. Polk*[2] (apolk@girardsharp.com) |

---

[1] On October 25, 2024, the Parties filed a joint motion to sever the individual claims of Manderbach Ford under Fed. R. Civ. P. 21 and to stay that action pending the completion of arbitration. (ECF No. 28). For purposes of this report, "Non-Dealer Plaintiffs" refers to only DLR Auto Group, Smith Collision Center, and Broadway Precision Collision.

[2] Asterisks throughout indicate the lead attorney in each action.

| Party | Counsel |
|---|---|
|  | Anthony Rogari (arogari@girardsharp.com) <br> Benjamin F. Johns (bjohns@shublawyers.com) <br> Johnathan Shub (ecf@shublawyers.com) <br> Samantha E. Holbrook (sholbrook@shublawyers.com) <br> Elizabeth A. Fegan (beth@feganscott.com) |
| Defendant | Martin L. Roth* (rothm@kirkland.com) <br> Devin S. Anderson (devin.anderson@kirkland.com) <br> Haley L. Darling (haley.darling@kirkland.com) |

**B.     Nature of the Claims**

Plaintiffs include one car dealership (Manderbach Ford), one vehicle broker (DLR Auto Group LLC), and two automotive repair shops (Smith Collision Center and Broadway Precision). Plaintiffs filed a complaint on July 12, 2024, alleging harms stemming from a cybersecurity incident in June 2024.

The Complaint generally alleges that CDK "fail[ed] to maintain adequate data security measures," which led to a ransomware attack and CDK temporarily taking its applications offline. (ECF No. 1). As a result, Plaintiffs and other automotive businesses, who claim to use or rely on CDK's services, were allegedly deprived of access to critical software and information necessary to run their businesses, and thus, claim to have suffered extensive damage from the claimed interruption of their business operations. (*Id.* ¶¶ 1, 23-26, 43-44, 46-47, 49-50).

Plaintiffs allege claims against CDK on behalf of themselves and a proposed class of "[a]ll automotive businesses in the United States who used or relied upon CDK Global's services and sustained interruption to their business operations as a result of the Data Breaches." (*Id.* ¶ 51).

Specifically, the Non-Dealer Plaintiffs DLR Auto Group LLC, Smith Collision Center, and Broadway Precision assert claims for negligence and unjust enrichment on behalf of themselves and the proposed class, and plaintiff Manderbach Ford had asserted claims for negligence, breach of contract, and unjust enrichment on behalf of themselves and the proposed

class. (*Id.* ¶¶ 61-87).

### C. Major Legal and Factual Issues

The major legal and factual issues raised by Plaintiffs' complaint include, but are not limited to: (1) whether CDK had a duty to implement reasonable cyber security measures to protect against a cyberattack; (2) whether CDK owed such a duty to Plaintiffs; (3) whether CDK breached that duty; (4) whether plaintiffs unjustly enriched CDK in any way; (5) whether Plaintiffs and, if certified, members of the proposed class are entitled to damages or restitution and in what amount; and (6) whether class certification is appropriate under Rule 23. CDK filed a Motion to Dismiss on October 30, 2024, which it believes will resolve all disputed claims in this case. Plaintiffs, for their part, believe CDK's motion to be without merit.

### D. Relief Sought by the Plaintiffs

The Non-Dealer Plaintiffs, on behalf of themselves and the proposed class, seek an award of actual or nominal damages or restitution; any pre- and post-judgment interest as prescribed by law; an award of reasonable attorneys' fees and costs as permitted by law; and any further and other relief as may be just and proper.

## II. Jurisdiction

### A. Diversity Jurisdiction

Plaintiffs allege the Court has subject matter jurisdiction over the lawsuit under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiffs allege there are at least 100 putative class members, and the combined claims of the putative class members exceed $5,000,000, exclusive of interest, attorneys' fees, and costs. (ECF No. 1 ¶¶ 10, 54). Plaintiffs also allege that there is minimal diversity, because CDK and one or more class members are citizens of different states. Plaintiff DLR Auto Group is a citizen of California (*See id.* ¶ 41), and Plaintiff Smith Collision Center and Plaintiff Broadway Precision Collision are both citizens of

3

Oklahoma. (*See id.* ¶¶ 45, 48). In addition, for purposes of diversity under the Class Action Fairness Act, CDK is a citizen of Delaware and Illinois.

### III. Status of Service

CDK has been served and does not contest service in this matter.

### IV. Motions

On October 25, 2024, the Parties filed a joint motion to sever the individual claims of Manderbach Ford and stay that action pending completion of arbitration. (ECF No. 28). In that same motion, the Parties moved to set briefing schedule and page limits for CDK's motion to dismiss. (*Id.*). That motion to sever is pending. CDK also filed a motion to dismiss on October 30, 2024. (ECF No. 30). Should the Court grant the Parties' joint motion to set briefing schedule and page limits, the briefing scheduled would be as follows.

| Deadline | Date | Pages |
| --- | --- | --- |
| Defendant's Motion to Dismiss | October 30, 2024 | 25 Pages |
| Plaintiffs' Response to Motion to Dismiss | December 16, 2024 | 25 Pages |
| Defendants' Reply to Motion to Dismiss | January 15, 2025 | 15 Pages |

### V. Case Plan

#### A. Discovery Plan

The Parties disagree as to the discovery plan in this case.

***Plaintiffs' position.*** The Non-Dealer Plaintiffs expect that discovery will include oral and written party discovery, and may potentially include expert and third-party discovery. At this time, the Non-Dealer Plaintiffs anticipate they will seek discovery on issues relating to the putative class's size and identification of the putative class, CDK's cybersecurity policies and procedures, the manner and scope of any alleged data breach, and CDK's response to any alleged data breach.

4

In connection with preparing this statement, Plaintiffs have requested to conduct a Rule 26(f) conference with CDK. CDK has declined and advised it seeks to stay discovery. Plaintiffs believe a stay of discovery to be inappropriate, and instead suggest proceeding with more limited prioritized discovery going to core issues pending resolution of CDK's motion to dismiss. Under these circumstances and in light of the fact that there is no automatic stay of discovery provided for under the Federal Rules, staying discovery is unwarranted. *Harper v. Cent. Wire*, Inc., 2020 WL 5230746, at *1 (N.D. Ill. Sept. 2, 2020); *Su v. Su*, No. 19 CV 7772, 2022 WL 22877455, at *1 (N.D. Ill. Apr. 11, 2022) (citing *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988)) ("It is well settled that the filing of a motion to dismiss does not automatically stay discovery."). Defendant's argument that staying discovery would simplify issues in the case because their "motion is potentially dispositive of all claims" has been repeatedly rejected by this Court because "[p]ermitting a stay of discovery" every time a dispositive motion is filed "would allow the exception to swallow the rule." *Solly Ringo's LLC*, 2022 WL 16961447, at *3; *Harper v. Cent. Wire, Inc.*, No. 19 CV 50287, 2020 WL 5230746, at *2 (N.D. Ill. Sept. 2, 2020) (denying motion to stay discovery pending resolution of motion to dismiss); *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05 C 6673, 2007 WL 3256848, at *2 (N.D. Ill. Nov. 1, 2007) (same).

The parties have agreed to meet and confer on these issues in advance of the conference.

Plaintiffs propose the following discovery plan:

| Deadline | Date |
|---|---|
| Initial Rule 26(a)(1) Disclosures | November 20, 2024 |
| First Date to Issue Written Discovery | November 27, 2024 |
| Deadline to File Amended Pleadings | May 21, 2025 |
| Fact Discovery Cutoff | October 16, 2025 |
| Deadline for Plaintiffs' to file Motion for Class Certification and Plaintiffs' class certification expert disclosures | December 16, 2025 |
| Deadline to file response to Motion for Class Certification | January 15, 2025 |

| Deadline | Date |
|---|---|
| Deadline to file Reply in support of Motion for Class Certification | February 28, 2026 |
| Dispositive Motions Deadline | 45 days after the Court's ruling on class certification |

***CDK's position.*** CDK disagrees with Plaintiffs' proposed schedule and has only declined a Rule 26(f) conference at this time pending briefing and an order from this Court on whether to stay discovery. Because CDK reasonably believes its motion to dismiss will resolve the action in its entirety or at the very least clarify the scope of the claims and defenses at issue in this matter, CDK respectfully requests that the Court stay discovery, including the Rule 26(f) requirements, and defer entering a discovery schedule until 30 days after the Court's ruling on CDK's motion to dismiss, or, in the alternative, delay commencing discovery until 60 days after the briefing on CDK's motion to dismiss is complete. Commencing discovery would be premature at this stage and a stay of discovery is appropriate because (1) CDK's motion to dismiss has the potential to resolve this case in its entirety or simplify the issues subject to discovery, (2) a stay will not unduly prejudice the Non-Dealer Plaintiffs, and (3) a stay will reduce the burden of litigation on the Parties and this Court. *See Su v. Su*, 2022 WL 22877455, at *1 (N.D. Ill. Apr. 11, 2022) (discussing three-factor test).

Plaintiffs' proposal ignores the three-factor test and only mentions the first factor. In any event, the first factor is met because CDK does not merely assert that the motion to dismiss is potentially dispositive of all claims,[3] but also that "[t]he ruling on any part of the motion to dismiss—some of which involves legal issues such as privity or [] duty . . . has potential to dispose of certain claims brought by [Plaintiffs], making discovery unnecessary, or, at least narrowing its scope." *Rodriguez v. Ford Motor Co.*, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022) (staying

---

[3] CDK refers the Court to its motion to dismiss for a fulsome discussion of CDK's arguments.

6

discovery pending resolution of 12(b)(6) motion because ruling on legal issues could simplify or narrow scope of discovery). Discovery will be simplified if the Court narrows the number or scope of Plaintiffs' claims. Next, the Non-Dealer Plaintiffs can identify no prejudice arising out of a brief stay while the Court assesses whether the claims are sufficiently pleaded. *See Rodriguez*, 2022 WL 704780, at *1 (granting motion to stay discovery because plaintiff would not be prejudiced). Most importantly, given "the burden, time, and expense often associated with responding to discovery in a putative class action, courts regularly stay discovery pending a ruling on a motion to dismiss" in this jurisdiction. *Rodriguez*, 2022 WL 704780, at *2; *see also Su*, 2022 WL 22877455, at *1 (granting motion to stay discovery); *Calderon v. Procter & Gamble Co.*, 2022 WL 20742696, at *1 (N.D. Ill. Oct. 6, 2022) (same); *Piekarski v. Amedisys Illinois, LLC*, 2013 WL 2357536, at *3 (N.D. Ill. May 28, 2013) (same). To aid this Court in assessing the prudence of a stay, CDK intends to file a motion to stay discovery within 14 days of this filing.

    **B.**    **Jury Trial**

*Plaintiffs' position.* Plaintiffs have requested a jury trial. (ECF No. 1 at 18). While it is premature to estimate the length of trial, at this time, Plaintiffs estimate that the trial will last 5-10 days.

*CDK's position.* CDK asks that the parties be permitted to set forth a more detailed position, including on the proposed length of trial, after the Court's rulings on the parties' joint motion to sever and stay (ECF No. 28) and CDK's motion to dismiss (ECF No. 30), which would provide greater clarity on the claims and defenses still at issue. Alternatively, at this time and without the benefit of the Court's rulings on key issues here, CDK estimates the trial could last anywhere from 5 days to multiple weeks, depending on whether a class is certified.

**VI.**    **Consent and Settlement Discussions**

    Counsel have advised their clients that they may proceed before a Magistrate Judge. The

parties do not unanimously consent. The parties have not engaged in settlement discussions to date and do not mutually request a settlement conference at this time.

Dated: November 7, 2024

/s/ Adam E. Polk
Adam E. Polk
Anthony Rogari (pro hac vice)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
apolk@girardsharp.com
arogari@girardsharp.com

Jonathan Shub (Bar ID No. 53965)
Benjamin F. Johns
Samantha E. Holbrook
**SHUB & JOHNS LLC**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Tel: (610) 477-8380
jshub@shublawyers.com
bjohns@shublawyers.com
sholbrook@shublawyers.com

Elizabeth A. Fegan (IL #6229226)
**FEGAN SCOTT LLC**
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Tel: (312) 741-1019
beth@feganscott.com

*Attorneys for Plaintiffs and the Proposed Class*

Respectfully submitted,

/s/ Devin S. Anderson
Devin S. Anderson (pro hac vice)
Haley L. Darling (pro hac vice)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-3245
Fax: (202) 389-5200
devin.anderson@kirkland.com
haley.darling@kirkland.com

Martin L. Roth, P.C.
Lead Attorney
IL Bar No. 6296464
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
rothm@kirkland.com

*Counsel for Defendant CDK Global, LLC*